UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA OCEGUEDA,<br><br>           Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,[1]<br>Acting Commissioner of Social<br>Security,<br><br>           Defendant. | Case No. CV 13-430 JC<br><br>MEMORANDUM OPINION |

## I. SUMMARY

On January 22, 2013, plaintiff Maria Ocegueda ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; January 25, 2013 Case Management Order ¶ 5.

---

[1] Carolyn W. Colvin is substituted as Acting Commissioner of Social Security pursuant to Fed. R. Civ. P. 25(d).

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[2]

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On December 16, 2009, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits. (Administrative Record ("AR") 112, 119). Plaintiff asserted that she became disabled on May 2, 2009, due to back problems, arthritis of the hand, left leg problems, and left foot problems. (AR 16, 136-40). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) on June 14, 2011. (AR 28-39).

On June 30, 2011, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 16-22). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairment: degenerative joint disease of the lumbosacral/cervical/thoracic spine (AR 18); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 19); (3) plaintiff retained the residual functional capacity to perform light work[3] (20 C.F.R. §§ 404.1567(b), 416.967(b)) with additional

///

---

[2] The harmless error rule applies to the review of administrative decisions regarding disability. See Molina v. Astrue, 674 F.3d 1104, 1115-22 (9th Cir. 2012) (discussing contours of application of harmless error standard in social security cases) (citing, *inter alia*, Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006)).

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b). "[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time." See Social Security Ruling ("SSR") 83-10. Social Security rulings are binding on the Administration. Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

limitations[4] (AR 20); (4) plaintiff could perform her past relevant work as a beautician (AR 21); and (5) plaintiff's allegations regarding her limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 21).

The Appeals Council denied plaintiff's application for review. (AR 1).

### III. APPLICABLE LEGAL STANDARDS

#### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

///

---

[4]The ALJ determined that plaintiff required a sit/stand option and could not do repetitive bending, squatting, kneeling, crawling, or repetitive forceful gripping and grasping with the left hand. (AR 20).

|   |     |                                                                          |
|---|-----|--------------------------------------------------------------------------|
|   | (3) | Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four. |
|   | (4) | Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five. |
|   | (5) | Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled. |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

      The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

**B.    Standard of Review**

      Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a

mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

### A. The ALJ Properly Evaluated the Severity of Plaintiff's Physical Impairments

#### 1. Pertinent Law

At step two of the sequential evaluation process, plaintiff has the burden to present evidence of medical signs, symptoms and laboratory findings[5] that establish a medically determinable physical or mental impairment that is severe, and that can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Ukolov v. Barnhart, 420 F.3d 1002, 1004-05 (9th Cir. 2005) (citing 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D)); see 20 C.F.R. §§ 404.1520, 416.920. Substantial evidence supports an ALJ's determination that a claimant is not disabled at step two where "there are no medical signs or laboratory findings to substantiate the existence of a medically determinable physical or mental impairment." Id. (quoting SSR 96-4p).

---

[5] A medical "sign" is "an anatomical, physiological, or psychological abnormality that can be shown by medically acceptable clinical and laboratory diagnostic techniques[.]" Ukolov v. Barnhart, 420 F.3d 1002, 1005 (9th Cir. 2005) (quoting SSR 96-4p). A "symptom" is "an individual's own perception or description of the impact of his or her physical or mental impairment(s)[.]" Id. (quoting SSR 96-4p); see also 20 C.F.R. §§ 404.1528(a)-(b), 416.928(a)-(b).

Step two is "a de minimis screening device [used] to dispose of groundless claims." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Applying the normal standard of review to the requirements of step two, a court must determine whether an ALJ had substantial evidence to find that the medical evidence clearly established that the claimant did not have a medically severe impairment or combination of impairments. Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (citation omitted); see also Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988) ("Despite the deference usually accorded to the Secretary's application of regulations, numerous appellate courts have imposed a narrow construction upon the severity regulation applied here."). An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual's ability to work." Webb, 433 F.3d at 686 (citation omitted).

### 2. Analysis

Plaintiff contends that a reversal or remand is warranted because the ALJ failed to find plaintiff's right knee and left hand impairments to be severe at step two of the sequential evaluation process. (Plaintiff's Motion at 3-6). This Court finds that any error in the foregoing respect was harmless. See Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007) (failure to address particular impairment at step two is harmless if ALJ fully evaluates claimant's medical condition in later steps of sequential evaluation process); see also Stout, 454 F.3d at 1055 (ALJ's error harmless where it is "inconsequential to the ultimate nondisability determination").

Here, as plaintiff notes, the medical evidence plausibly suggests that plaintiff's right knee and left hand impairments have more than a minimal effect on plaintiff's ability to work. For example, in the July 28, 2008 report of an Orthopedic Agreed Medical Evaluation prepared in connection with plaintiff's worker's compensation case, Dr. Mark Greenspan opined that due to plaintiff's

right knee impairment, plaintiff was "prophylactically precluded from repetitive bending, squatting, kneeling and crawling," and due to plaintiff's left little finger impairment, she was "precluded from repetitive forceful gripping and grasping" with the left hand.  (AR 404).  In a July 21, 2008 Orthopedic Primary Treating Physician's Permanent and Stationary Impairment Report, Dr. Ali A. Dini opined that plaintiff's right knee condition "precluded [] heavy lifting and repeated squatting and kneeling," and her left hand condition "precluded [] very heavy lifting."[6]  (AR 418).  Nonetheless, plaintiff fails to demonstrate that such limitations are not already accounted for in the ALJ's residual functional capacity assessment which limits plaintiff to light work, and precludes plaintiff from "repetitive bending, squatting, kneeling [and] crawling" and precludes "forceful gripping and grasping with the left hand."  (AR 20).

Moreover, plaintiff points to no medical opinion in the record which states that she could not work for any twelve-month period.  See Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993) (in upholding the Commissioner's decision, the Court emphasized:  "None of the doctors who examined [claimant] expressed the opinion that he was totally disabled"); accord Curry v. Sullivan, 925 F.2d 1127,
///

---

[6]Plaintiff also notes that Dr. Behrooz Broukhim, one of plaintiff's treating physicians for her worker's compensation case, diagnosed plaintiff with "Contusions/strain/sprain of the right knee, rule out a tear" and "mallet finger deformity of the left fifth digit, with degenerative joint disease of the distal interphalangeal joint of the left fifth digit."  (AR 330).  The ALJ was not required to account for Dr. Broukhim's opinions, however, because Dr. Broukhim only placed plaintiff on "temporary total disability for . . . four weeks," and thus did not identify any impairment which satisfies the durational requirement – i.e., a disabling impairment expected to last for *at least* twelve months.  See 42 U.S.C. § 423(d)(1)(A); Burch, 400 F.3d at 679 ("To be eligible for social security or disability benefits, Burch must demonstrate that she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."); see also Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (ALJ need not provide explanation unless rejecting "significant probative evidence").

1130 n.1 (9th Cir. 1990) (upholding Commissioner and noting that after surgery, no doctor suggested claimant was disabled).

Accordingly, a remand or reversal on this basis is not warranted.

### B. The ALJ Properly Evaluated Plaintiff's Credibility

#### 1. Pertinent Law

Questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner. Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006). If the ALJ's interpretation of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to "second-guess" it. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

An ALJ is not required to believe every allegation of disabling pain or other non-exertional impairment. Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007) (citing Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)). If the record establishes the existence of a medically determinable impairment that could reasonably give rise to symptoms assertedly suffered by a claimant, an ALJ must make a finding as to the credibility of the claimant's statements about the symptoms and their functional effect. Robbins, 466 F.3d 880 at 883 (citations omitted). Where the record includes objective medical evidence that the claimant suffers from an impairment that could reasonably produce the symptoms of which the claimant complains, an adverse credibility finding must be based on clear and convincing reasons. Carmickle v. Commissioner, Social Security Administration, 533 F.3d 1155, 1160 (9th Cir. 2008) (citations omitted). The only time this standard does not apply is when there is affirmative evidence of malingering. Id. The ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004).

///

To find the claimant not credible, an ALJ must rely either on reasons unrelated to the subjective testimony (*e.g.*, reputation for dishonesty), internal contradictions in the testimony, or conflicts between the claimant's testimony and the claimant's conduct (*e.g.*, daily activities, work record, unexplained or inadequately explained failure to seek treatment or to follow prescribed course of treatment).  Orn, 495 F.3d at 636; Robbins, 466 F.3d at 883; Burch, 400 F.3d at 680-81; SSR 96-7p.  Although an ALJ may not disregard such claimant's testimony solely because it is not substantiated affirmatively by objective medical evidence, the lack of medical evidence is a factor that the ALJ can consider in his credibility assessment.  Burch, 400 F.3d at 681.

### 2. Analysis

Plaintiff contends that the ALJ inadequately evaluated the credibility of her subjective complaints.  (Plaintiff's Motion at 6-8).  The Court disagrees.

First, the ALJ properly discounted plaintiff's credibility based on plaintiff's unexplained failure to seek treatment consistent with the alleged severity of her subjective complaints.  See Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991) (en banc) (In assessing credibility, the ALJ may properly rely on plaintiff's unexplained failure to request treatment consistent with the alleged severity of her symptoms.); Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (In assessing credibility, ALJ properly considered doctor's failure to prescribe and claimant's failure to request any serious medical treatment for supposedly excruciating pain); see Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1999) (lack of treatment and reliance upon nonprescription pain medication "clear and convincing reasons for partially rejecting [claimant's] pain testimony"); Fair, 885 F.2d at 604 (ALJ permissibly considered discrepancies between the claimant's allegations of "persistent and increasingly severe pain" and the nature and extent of treatment obtained).  For example, as the ALJ noted, in 2008 plaintiff told Dr. Greenspan that she was only taking ibuprofen on an "as-needed" basis.  (AR 20) (citing

Exhibit 18F at 7 [AR383]).  The ALJ also noted that, at the time of the decision, plaintiff was not in physical therapy, did not follow a home exercise program, did not use a TENS unit, and had not sought treatment at a pain clinic.  (AR 20). Plaintiff contends that records from High Desert Health System "[address] [m]any of the ALJ's concerns regarding credibility. . . ."  (Plaintiff's Motion at 8).  Such records, however, reflect at most that plaintiff received sporadic, conservative, and often routine treatment for her complaints.  (AR 258-83, 438-65, 489-542). Although plaintiff argues that the medical evidence reflects that plaintiff received "more aggressive treatment," the Court will not second-guess the ALJ's reasonable interpretation that it does not.

      Second, the ALJ properly discredited plaintiff's subjective complaints as inconsistent with plaintiff's daily activities.  See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (inconsistency between the claimant's testimony and the claimant's conduct supported rejection of the claimant's credibility); Verduzco v. Apfel,188 F.3d 1087, 1090 (9th Cir. 1999) (inconsistencies between claimant's testimony and actions cited as a clear and convincing reason for rejecting the claimant's testimony).  For example, as the ALJ noted, contrary to plaintiff's allegations of disabling pain, plaintiff reported that she could do household chores, grocery shop and drive a car.  (AR 21) (citing Exhibit 4E [AR 159-60]).

      Third, the ALJ properly discounted plaintiff's credibility due to internal conflicts within plaintiff's own testimony.  See Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir.), as amended (1997) (in weighing plaintiff's credibility, ALJ may consider "inconsistencies either in [plaintiff's] testimony or between his testimony and his conduct"); see also Fair, 885 F.2d at 604 n.5 (9th Cir.1989) (ALJ can reject pain testimony based on contradictions in plaintiff's testimony).  For example, as the ALJ noted, at the hearing plaintiff testified that she had difficulty speaking English, but then plaintiff "quickly acknowledged the ALJ's English questions before the Spanish language

1  interpreter could translate." (AR 21) (citing AR 31-32, 34-35). The ALJ properly
2  concluded that such inconsistent testimony "negatively impacted" the credibility
3  of plaintiff's other testimony. See Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th
4  Cir. 2001) ("In assessing the claimant's credibility, the ALJ may use 'ordinary
5  techniques of credibility evaluation,' such as considering the claimant's reputation
6  for truthfulness and any inconsistent statements in her testimony.")

7  Finally, the ALJ properly discounted plaintiff's credibility in part because
8  plaintiff's pain allegations were not fully corroborated by the objective medical
9  evidence. See Rollins, 261 F.3d at 857 ("While subjective pain testimony cannot
10 be rejected on the sole ground that it is not fully corroborated by objective medical
11 evidence, the medical evidence is still a relevant factor in determining the severity
12 of the claimant's pain and its disabling effects.") (citation omitted). For example,
13 the ALJ noted (and plaintiff points to no evidence to the contrary) that plaintiff's
14 medical records do not contain evidence of unintended weight loss or severe sleep
15 deprivation that would be expected given plaintiff's alleged level of pain. (AR
16 20); see, e.g., Meanel, 172 F.3d at 1114 (ALJ properly discredited plaintiff's
17 testimony where there was no evidence of muscular atrophy or other physical sign
18 usually seen in an "inactive, totally incapacitated individual").

19 Accordingly, a remand or reversal on this basis is not warranted.

### C. The ALJ Properly Determined That Plaintiff Could Perform Her Past Relevant Work

22 Plaintiff contends that the ALJ erred at step four by failing properly to
23 consider and discuss the physical and mental demands of plaintiff's past relevant
24 work as a beautician and because the requirements of such position exceed
25 plaintiff's abilities as identified by Dr. Greenspan. (Plaintiff's Motion at 8-10).
26 The Court disagrees.
27 ///
28 ///

### 1. Pertinent Law

At step four of the sequential evaluation process, the Administration may deny benefits when the claimant can perform the claimant's past relevant work as "actually performed," or as "generally" performed. Pinto v. Massanari, 249 F.3d 840, 845 (2001). ALJs routinely rely on the Dictionary of Occupational Titles ("DOT") in determining the skill level of a claimant's past work. Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted); see also 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1) (DOT is source of reliable job information). The DOT is the presumptive authority on job classifications. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995).

Although the claimant has the burden of proving an inability to perform her past relevant work, "the ALJ still has a duty to make the requisite factual findings to support his conclusion." Id. at 844. To determine whether a claimant has the residual capacity to perform her past relevant work, the ALJ must ascertain the demands of the claimant's former work and then compare the demands with her present capacity. Villa v. Heckler, 797 F.2d 794, 797-98 (9th Cir. 1986). In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain the following specific findings of fact: (1) a finding of fact as to the individual's residual functional capacity; (2) a finding of fact as to the physical and mental demands of the past job/occupation; and (3) a finding of fact that the individual's residual functional capacity would permit a return to her past job or occupation. SSR 82-62.

### 2. Analysis

Here, although the ALJ's analysis at step four was brief, the Court cannot conclude that it lacks any of the three requisite factual findings. First, as noted above, the ALJ determined that plaintiff retained the residual functional capacity to engage in light work with other specific limitations. (AR 20).
///

1         Second, the ALJ found that "[plaintiff's] past work as a beautician [was]
2  light work, requiring frequent, but not constant or repetitive activity, since
3  [plaintiff could] take a break or change activity or position at will." (AR 21).  In a
4  Work History Report, plaintiff stated that as a beautician she would work six days
5  a week, she would walk for one hour, stand for six hours, and sit for one hour in
6  an eight-hour day, and she would "lift[] boxes of colors for 3 meters" twice a
7  month.  (AR 148).  At the hearing plaintiff testified that her job involved "cut[ting]
8  hair, highlights, [and] different types of stylings."  (AR 32).  The foregoing was
9  substantial evidence which supported the ALJ's finding regarding the physical and
10 mental demands of plaintiff's past relevant work.  See SSR 82-62 (statements by
11 social security claimant "generally sufficient for determining the skill level;
12 exertional demands and nonexertional demands of [past relevant] work").
13        Finally, the ALJ also found – based on a comparison of plaintiff's residual
14 functional capacity with such physical and mental demands – that plaintiff was
15 able to perform the job of beautician as actually and generally performed.  (AR
16 21).  While plaintiff suggests that the demands of her past relevant work exceed
17 her current abilities as identified by Dr. Greenspan, the Court will not
18 second-guess the ALJ's reasonable determination otherwise, even if the evidence
19 could give rise to inferences more favorable to plaintiff.
20        Accordingly, a remand or reversal on this basis is not warranted.
21 **V.    CONCLUSION**
22        For the foregoing reasons, the decision of the Commissioner of Social
23 Security is affirmed.
24        LET JUDGMENT BE ENTERED ACCORDINGLY.
25 DATED:  June 26, 2013
26                                              /s/
27                                     Honorable Jacqueline Chooljian
                                        UNITED STATES MAGISTRATE JUDGE
28